UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL BULLOCK,

    *Plaintiff*,

v.

HANA SECURITY SERVICES, *et al.*,

    *Defendants*.

No. 22-cv-2608 (DLF)

**ORDER**

    Before the Court is the plaintiff's Amended Complaint, Dkt. 12-1, in which he requests a preliminary injunction, *id.* at 12.  For the reasons that follow, the Court will deny the plaintiff's request for a preliminary injunction without prejudice.

    The plaintiff, Michael Bullock, alleges that he was improperly terminated by his employer, Hana Security Services, in retaliation for engaging in protected union activities.  *Id.* at 10.  He further alleges that, after his termination, two managers at Hana Security Services "knowingly submitted fraudulent claims" to the Department of Homeland Security's Federal Protective Service Personnel Security Division.  *Id.*  According to Bullock, because of the resulting investigation he was deemed "unfit for duty," lost his clearance, and was terminated from his employment with Golden Services at a Housing and Urban Development building.  *Id.* at 11.

    The Court construes Bullock's complaint as bringing suit against, among others, Hana and its officers for unlawfully terminating him and for submitting false claims about him to the Federal Protective Service.  Further, Bullock claims that the Director of the Federal Protective Service Personnel Security Division, Michael Radford, acted arbitrarily and capriciously in finding him unfit for employment.  *Id.* at 11.  In his complaint, Bullock seeks "an emergency preliminary

injunction to reverse and set aside the unfit determination made by [the Federal Protective Service]," and "to have Golden Services . . . fully reinstate [him]."[1] *Id.* at 12. The Court will deny this request for a preliminary injunction for two reasons.

First, the plaintiff has not properly made an application for a preliminary injunction. Rule 65.1(c) of the Local Civil Rules of the United States District Court for the District of Columbia requires that "[a]n application for a preliminary injunction shall be made in a document separate from the complaint." Pursuant to Rule 65.1(d), this application must contain "a statement of the facts which make expedition essential." The plaintiff's application for a preliminary injunction was made in his complaint, not in a document separate from his complaint, so it was not properly raised before the Court.

Second, even if the plaintiff's request for a preliminary injunction as stated in his complaint were properly raised in a separate document, the Court would deny the application. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). To prevail, a party seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citation and internal quotation marks omitted). The plaintiff

---

[1] Golden Services is not a defendant to this suit. Even if Bullock established that his case warrants preliminary injunctive relief, the Court could not provide the injunctive relief he seeks as to Golden Services. *Hamilton v. Transp. Sec. Admin.*, 240 F. Supp. 3d 203, 205 (D.D.C. 2016) ("[T]he Court is powerless to issue an injunction against non-parties." (citation and internal quotation marks omitted)); Fed. R. Civ. P. 65(d) (preliminary injunctions may only bind parties and "persons in active concert or participation with" parties).

"bear[s] the burdens of production and persuasion." *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) (citing *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).

Failure to show a likelihood of irreparable harm is sufficient to defeat a motion for a preliminary injunction. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The D.C. Circuit "has set a high standard for irreparable injury." *Mdewakanton Sioux Indians of Minn. v. Zinke*, 255 F. Supp. 3d 48, 52 (D.D.C. 2017) (quoting *Chaplaincy*, 454 F.3d at 297). "First, the injury must be both certain and great; it must be actual and not theoretical. The moving party must show the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. Second, the injury must be beyond remediation." *Chaplaincy*, 454 F.3d at 297 (cleaned up).

The plaintiff asserts that the defendants' actions have "taken away [his] livelihood," and that he and his son, who is in college, depend on his income. Am. Compl. at 12. He also asserts that his termination from the Housing and Urban Development building caused him to "lose [his] seniority and work schedule" with Golden Services because Golden Services is ending its contract to provide security to the building.[2] *Id.* In essence, as alleged, his theory of irreparable injury is that he has suffered loss of employment. The allegations do not satisfy the high standard required to establish irreparable harm.

"[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1299, 1295 (D.C. Cir. 2009)

---

[2] The Court will construe Bullock's complaint liberally to contain the allegation that he will suffer injury from his loss of employment with Golden Services. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (citation and internal quotation marks omitted)). However, the Court notes that Bullock has not clearly alleged the terms of his employment by Golden Services. *See, e.g.*, Am. Compl. at 12 (suggesting that, even after termination of the Golden Services contract, he would remain employed by the Housing and Urban Development building, not Golden Services).

3

(quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).  Accordingly, in this District, "cases are legion holding that loss of employment does not constitute irreparable injury." *Farris v. Rice*, 453 F. Supp. 2d 76, 79 (D.D.C. 2006); *see also Davis v. Billington*, 76 F. Supp. 3d 59, 65 (D.D.C. 2014) (collecting cases).  This is because "courts possess sufficient equitable authority to 'remedy [the] loss in employment through, for example, back pay and time in service credit.'" *Church v. Biden*, 573 F. Supp. 3d 118, 142 (D.D.C. 2021) (alteration in original) (quoting *Farris*, 453 F. Supp. 2d at 79).  Indeed, Bullock himself appears to concede that his injuries can be remedied by the Court without a preliminary injunction and therefore are not irreparable.  In his complaint, he requests that, *in the alternative to a preliminary injunction*, he receive, among other things, backpay, reinstatement to his employment with Hana, and a re-adjudication from the Federal Protective Service.  Am. Compl. at 13.

True, "cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found." *Sampson*, 415 U.S. at 92 n.68.  But this is not such a case.  Although Bullock summarily alleges that he has suffered a loss of his "livelihood," Am. Compl. at 12, he has not alleged sufficient facts to establish such an extraordinary circumstance.  For example, he has not alleged that he will lose access to "critical medical attention" because he lost health insurance. *Risteen v. Youth for Understanding, Inc.*, 245 F. Supp. 2d 1, 16 (D.D.C. 2002).  Nor has he alleged that, even after receiving his requested relief on the merits, he would suffer a harm to his career that would prevent him from finding future employment as a security professional. *Cf. Saunders v. George Washington Univ.*, 768 F. Supp. 843, 845 (D.D.C. 1991) (finding irreparable injury where the harm to a professor's "professional reputation from a[n] interruption in service" would, even after reinstatement through judicial process, "always cast a

cloud" on her career advancement).  Bullock's remaining allegations—general financial hardship caused by his loss of employment with Hana and Golden Services, *see Jones v. District of Columbia*, 177 F. Supp. 3d 542, 546–48 (D.D.C. 2016) (finding no irreparable injury where plaintiffs were also banned from pursuing coaching opportunities at other high schools), and the possibility that Golden Services will terminate its contract with the government, *see Davis*, 76 F. Supp. 3d at 65 (finding no irreparable injury based on possibility that vacancy for plaintiff's old position might be filled)—are not extraordinary circumstances that would establish irreparable injury.

It is **ORDERED** that the plaintiff's request for a preliminary injunction in his Amended Complaint, Dkt. 12, is **DENIED WITHOUT PREJUDICE.**  Accordingly, the deadlines set in the Court's Minute Order of October 12, 2022, are vacated.

*Dabney L. Friedrich*

_____
DABNEY L. FRIEDRICH
United States District Judge

October 15, 2022

5