**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| MICHAEL BULLOCK, |
| *Plaintiff*, |
| v. |
| HANA INDUSTRIES, INC.,[1] *et al.*, |
| *Defendants.* |

No. 22-cv-2608 (DLF)

**MEMORANDUM OPINION**

Hana Industries, Inc. ("Hana") fired Michael Bullock from his job as a security guard.

Bullock sued Hana and several other defendants.  Before the Court are the defendants' motions to

dismiss and/or for summary judgment, Dkts. 48, 49, 50, and Bullock's cross-motion for summary

judgment, Dkt. 52.  For the reasons that follow, the Court will grant the defendants' motions in

part and deny Bullock's cross-motion.

## I.    BACKGROUND

Bullock worked for Hana as a security guard.  Second Amend. Compl. at 7, Dkt. 47.  Hana

fired him on April 13, 2022.  *Id.*  As Hana sees things, Bullock "violat[ed] company policy" by

"bullying, intimidating, and threatening coworkers."  *Id.*  In Bullock's account, Hana terminated

him because of his race and because he challenged his labor union, the Security, Police, and Fire

Professionals of America ("SPFPA").  *Id.*

---

[1] Bullock's initial complaint sought relief against "Hana Security Services," Dkt. 1 at 1, but Hana
indicates that it does not maintain a legal entity with that name, Dkt. 50-2 at 1–2 & n.1.
Consistent with Hana's position and with the nomenclature used in Bullock's Second Amended
Complaint, *see* Dkt. 47 at 2, the Court will treat Hana Industries, Inc. as the appropriate
defendant in this action.

After ending Bullock's employment, Hana submitted a claim regarding Bullock to the Federal Protective Service ("FPS") within the Department of Homeland Security ("DHS"), which decides whether private contractors who work as security guards are fit for federal employment. *Id.* FPS revoked Bullock's "suitability determination," making him ineligible to work as a security guard at federal facilities. *Id.* Without an active suitability determination, Bullock lost work from another employer, Golden Services, Inc. *Id.*

Bullock sued Hana, two Hana employees, the union, and the FPS's Division Director. *Id.* at 2–3. His complaint sought damages against Hana and its employees for racial discrimination under Title VII and for defamation and intentional infliction of emotional distress under D.C. law; against SPFPA for breach of contract and for violations of the federal E-Sign Act; and against the Division Director for "[b]reach of duty," negligence *per se*, and negligent infliction of emotional distress. *Id.* at 7–17. It also sought vacatur of FPS's revocation of his suitability determination under the Administrative Procedure Act ("APA"). *Id.* at 10, 16.

The defendants move to dismiss and/or for summary judgment. Dkts. 48, 49, 50. Bullock cross-moves for summary judgment. Dkt. 52.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983); *but cf. Morrisey v. Mayorkas*, 17 F.4th 1150, 1157–60 (D.C. Cir. 2021). In such cases, the court should quash service and instruct the plaintiff to try again. *See, e.g.*, *Angelich v. MedTrust, LLC*, 910 F. Supp. 2d 128, 132 (D.D.C. 2012).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  To defeat a motion under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court construes *pro se* complaints "liberally," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but even a *pro se* complaint must "plead factual matter that permits [a] court to infer more than the mere possibility of misconduct," *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (cleaned up).

Under Federal Rule of Civil Procedure 56, a litigant may move for summary judgment.  Fed. R. Civ. P. 56.  "The Court shall grant summary judgment if the movant shows that . . . [he] is entitled to judgment as a matter of law."  *Id.*  "Summary judgment usually 'is premature unless all parties have had a full opportunity to conduct discovery.'"  *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530 (D.C. Cir. 2019) (quoting *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012)); *see* Fed. R. Civ. P. 56(d).

## III.    DISCUSSION

### A.    Insufficient Service of Process

Hana, its employees, and the FPS Division Director move to dismiss for insufficient service of process.  The Court will grant the motion in part.  Although the Court declines to dismiss Bullock's action under Federal Rule of Civil Procedure 12(b)(5), it will quash service and instruct Bullock to serve the defendants properly within thirty days.

"Any person who is at least 18 years old and not a party" to a case "may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  "[A]n individual . . . may be served" by (1) "following state law" for service "in the state where the district court is located or where service is made" or by (2) "delivering a copy of [a] summons and of [a] complaint to the individual personally,"

3

"leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* 4(e).  A corporation may be served "in the manner prescribed by" state law or "by delivering a copy of [a] summons and . . . complaint to an officer, a managing or general agent, or by any other agent authorized by appointment or by law to receive service of process." *Id.* 4(h)(1).

Bullock did not comply with these rules because he himself served Hana, its employees, and the FPS Division Director.  "Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant . . . by mail." *Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009); *accord Judd v. FCC*, 276 F.R.D. 1, 6 (D.D.C. 2011).  Bullock did just that, sending his complaint and summons by certified mail himself rather than having a non-party send them.  Dkts. 13, 25.  As a result, he did not serve the defendants consistent with Rule 4.  *Judd*, 276 F.R.D. at 6.[2]

Because Bullock is *pro se* and could still serve process consistent with the Federal Rules, however, the Court will not dismiss Bullock's action under Federal Rule of Civil Procedure 12(b)(5).  *Novak*, 703 F.2d at 1310.  Instead, it will quash service and instruct Bullock to serve the defendants within thirty days.  *Angelich*, 910 F. Supp. 2d at 132; Fed. R. Civ. P. 4(m).  If Bullock does not serve the defendants within thirty days or seek an extension of time to do so, the Court will dismiss this action without prejudice.  Fed. R. Civ. P. 4(m).

---

[2] Because the Court concludes that Bullock did not serve sufficient process under Federal Rule of Civil Procedure 4(c)(2), it need not decide whether Bullock's attempt at service on Hana or its employees was adequate in view of the Virginia saving statute, Va. Code Ann. § 8.01-288.  If Bullock attempts service by mail in the future, however, he should take care to serve the defendants at an appropriate mailing address.

### B.    Failure to State a Claim

Independently, the union moves to dismiss the counts against it for failure to state a claim. The Court will grant the motion.

Bullock sued the union for breach of contract and for violations of the federal E-Sign Act. Under D.C. law, which the parties agree governs Bullock's breach-of-contract claim, enforceable contracts require "consideration"—that is, a "bargained-for" "exchange of promises" or "detriment to [a] promisee." *Washington Inv. Partners of Del., LLC v. Sec. House, K.S.C.C.*, 28 A.3d 566, 574 (D.C. 2011) (cleaned up).  In his complaint, however, Bullock does not contend that he struck any bargain with the union.  Rather, at most, he alleges that a union official promised to grieve his discharge from Hana but changed his mind two weeks later.  Second Amend. Compl. at 9, Dkt. 47.  Because Bullock does not allege that he bargained for the officials' promise, he has not alleged a contract supported by consideration and has not stated a plausible claim for breach of contract. *Twombly*, 550 U.S. at 570.

Bullock's E-Sign Act claim fares no better.  The E-Sign Act says that "a signature, contract, or other record" regarding "any transaction in or affecting interstate or foreign commerce . . . may not be denied legal effect . . . solely because it is in electronic form."  15 U.S.C. § 7001(a).  It does not supplant other contract-law rules or create a freestanding private right of action.  *Id.* § 7001(b); *Levy-Tatum v. Navient Solutions, Inc.*, No. 15-cv-3794, 2016 WL 75231 *5 (E.D. Pa. Jan. 7, 2016); *cf. Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Accordingly, Bullock fails to state a separate claim under the E-Sign Act.

It would not help if the Court construed Bullock's complaint to raise a promissory estoppel claim instead of one for breach of contract.  In the District of Columbia, "to hold a party liable under the doctrine of promissory estoppel, 'there must be a promise which reasonably leads the

promisee to rely on it to his detriment, with injustice otherwise not being avoidable.'" *Bender v. Design Store Corp.*, 404 A.2d 194, 196 (D.C. 1979) (quoting *Solway Decorating Co. v. Merando, Inc.*, 240 A.2d 361, 362 (D.C. 1968)).  Bullock's complaint does not contend that he relied on the union's promise to grieve his discharge.  Nor has Bullock explained why a failure to enforce the union's promise would lead to "injustice."  *Cf. Kauffman v. Int'l Brotherhood of Teamsters*, 950 A.2d 44, 49 (D.C. 2008).

The Court will not construe Bullock's breach-of-contract claim to allege a breach of the union's duty of fair representation either, as Bullock does not mention the duty of fair representation in his complaint.  Although the Court reads Bullock's complaint liberally, it will not assert new claims on his behalf.  *Cf. Jianqing Wu v. Special Counsel, Inc.*, 54 F. Supp. 3d 48, 56 (D.D.C. 2014) (declining to read *pro se* plaintiff's complaint to "create something out of nothing").

For these reasons, the Court will dismiss Bullock's claims against the union for failure to state a claim upon which relief can be granted.

### C.    Summary Judgment

Finally, the Court will deny Bullock's motion for summary judgment.  Because Bullock fails to state claims upon which relief can be granted against the union and has not yet served the remaining defendants, he is not yet "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Summary judgment will remain premature until the parties have had adequate opportunities for discovery.  *Haynes*, 924 F.3d at 530.

### CONCLUSION

For these reasons, the Court will quash service against Hana, its employees, and the FPS Division Director; dismiss Bullock's claims against the union for failure to state a claim; and deny

Bullock's motions for summary judgment.  Because Bullock has yet to serve Hana, its employees, or the FPS Division Director successfully, the Court will deny those defendants' motions to dismiss and/or for summary judgment without prejudice as premature.  *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (describing the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  If Bullock serves the remaining defendants in accordance with the Federal Rules, they may renew their motions to dismiss.

A separate order accompanies this memorandum opinion.

February 14, 2024

DABNEY L. FRIEDRICH
United States District Judge