UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BULLOCK,<br><br>*Plaintiff*,<br><br>v.<br><br>HANA SECURITY SERVICES, *et al.*,<br><br>*Defendants*. | No. 22-cv-2608 (DLF) |

**MEMORANDUM OPINION AND ORDER**

After Michael Bullock was fired from his job as a security guard, the Federal Protective Service (Service), a division within the Department of Homeland Security, determined he was unfit to work in federal buildings. Bullock sued his former employer and the director of the Service, alleging the suitability determination was in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq*. Before the Court is the Service's Motion to Dismiss and partial Motion for Summary Judgment, Dkt. 108, and Bullock's Cross Motion for Summary Judgment, Dkt. 109. For the reasons that follow, the Court will grant both motions in part.

**I.      BACKGROUND**

Michael Bullock worked as a security guard for Hana Industries, Inc. Second Am. Compl., at 7, Dkt. 47. In 2022, Hana fired him for bullying and threatening coworkers. *Id*. Hana then reported the firing and its reasons to the Federal Protective Service. *Id*. The Service requested information from Bullock regarding the firing and imposed a 15-day deadline to respond. Administrative Record, at 15, Dkt. 114. When Bullock failed to respond by the deadline, the Service determined he was no longer fit to serve as a security guard in federal buildings. *Id*. at 18. This caused Bullock to lose his job with another employer. *See id*. at 64.

Bullock appealed the suitability determination, submitting statements from his coworkers defending Bullock's character. *Id.* at 62–76. Three days after Bullock filed his appeal, the Service issued a letter affirming the original decision. *Id.* at 77. Bullock filed suit against his former employer and the Service, alleging the Service committed state torts and acted in violation of the APA. Second Am. Compl. at 10–11. After multiple attempts, Bullock successfully served the director of the Service, which now moves to dismiss Bullock's state tort claims for lack of jurisdiction and moves for summary judgment on Bullock's APA claim. Dkt. 109.

## II.   LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

A court grants summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A "material" fact is one with potential to change the substantive outcome of the litigation. *See Liberty Lobby*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A dispute is "genuine"

if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party.  *See Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895.

In an APA case, summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."  *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006).  The Court will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "without observance of procedure required by law," 5 U.S.C. § 706(2)(D), or "unsupported by substantial evidence," *id.* § 706(2)(E).

### III.   ANALYSIS

Bullock brings four claims against the Service.  He asserts three tort claims for breach of contract, negligence per se, and negligent infliction of emotional distress.  Second Am. Compl. at 10–11.  He also alleges that the Service acted in violation of the APA.  *Id.* at 10.  The Court will address the tort claims together.

#### A.   Tort Claims

The Federal Tort Claims Act (FTCA) extends a limited waiver of sovereign immunity, providing a remedy against the federal government for certain torts committed by federal employees in the scope of their employment.  *See* 28 U.S.C. §§ 1346(b), 2680 (listing exceptions); *Sloan v. HUD*, 236 F.3d 756, 759 (D.C. Cir. 2001).  Under the FTCA, "an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).  To exhaust administrative remedies under the FTCA, the plaintiff must have presented the agency with "(1) a written statement sufficiently describing

3

the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim," *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987), and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim, *id.* at 905–06.

In this Circuit, "the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional." *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)); *GAF Corp.*, 818 F.2d at 904; *Hammond v. BOP*, 740 F. Supp. 2d 105, 110–12 (D.D.C. 2010). *But see Copen v. United States*, 3 F. 4th 875 (6th Cir. 2021) (holding that the FTCA's exhaustion requirement is a mandatory claims-processing rule). Because the exhaustion requirement is jurisdictional, the plaintiff bears the burden of proving by a preponderance of the evidence that it has been satisfied. *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011). Bullock concedes that he did not file his administrative claim until November 2022, after he had already initiated the instant lawsuit. Pl.'s Mot. for Summ. J. at 4. Nonetheless, he insists that he properly exhausted his administrative remedies because he filed an administrative claim before he filed an amended complaint in this case, alleging his FTCA claim for the first time. *Id*.

Courts are split on whether a plaintiff who initially files suit before exhausting may amend his complaint to include an FTCA claim after exhausting. *Compare Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) (amendment cures initial non-exhaustion); *Mackovich v. United States*, 630 F.3d 1134, 1135 (8th Cir. 2011) (same) *with Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (amendment does not cure); *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417 (6th Cir. 2024) (same). Although the D.C. Circuit has not addressed this issue, Judge Moss has persuasively reasoned that "the FTCA does not permit a plaintiff to rescue a prematurely

4

filed lawsuit by amending or supplementing his complaint." *Lamb v. Millennium Challenge Corp.*, 573 F. Supp. 3d 346, 360 (D.D.C. 2021). The Court adopts Judge Moss's reasoning and concludes that Bullock's amendment does not cure his failure to exhaust before initiating his suit against the federal government. Accordingly, this Court lacks jurisdiction over his FTCA claims.

### B.  APA Claim

In an arbitrary and capricious challenge, the core question is whether the agency's decision was "the product of reasoned decisionmaking." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983). This Court's review is "fundamentally deferential—especially with respect to matters relating to an agency's areas of technical expertise." *Fox v. Clinton*, 684 F.3d 67, 75 (D.C. Cir. 2012) (citation modified). The court "is not to substitute its judgment for that of the agency." *State Farm*, 463 U.S. at 43. "Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (citation modified). When reviewing that explanation, the court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (citation modified). For example, an agency action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it], or [the explanation] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

Here, the letter rejecting Bullock's appeal of the suitability determination does not satisfy the APA's requirements. The letter's entire analysis is contained in one sentence: "We have determined that you are not fit to provide services to a FPS PSO contract." Admin. R. at 77. That conclusory response does not reflect a reasoned consideration of Bullock's appeal. Because the

Service provided "no analysis" to "justify the choice made," *Burlington Truck Lines v. United States*, 371 U.S. 156, 167 (1962), it has not "articulate[d] a satisfactory explanation," for its decision, *State Farm*, 463 U.S. at 43. Indeed, the Court is left with no explanation at all.

The Court acknowledges the possibility that Bullock was not entitled to present new evidence on appeal after he had failed to respond to the initial notice. But the Service stated in its letter that it reviewed the "additional information provided." Admin. R. at 77. Despite this assurance, the Court is left with no way to assess the Service's reasoning or to determine whether it fully considered all important aspects. *Cf. Morall v. DEA.*, 412 F.3d 165, 178 (D.C. Cir. 2005) ("To be clear, DEA's decision does not withstand review because the agency decisionmaker *entirely ignored* relevant evidence."); *Rich v. United States*, 369 F. Supp. 3d 263, 274 (D.D.C. 2019) ("The [agency's] denial letter states that 'documentary material considered by the Board consisted of your application, together with all material submitted in support thereof,' but there is no further indication in the record that the [agency] reviewed [the submitted evidence] . . . as the evidence is never specifically referenced or discussed.").

On this record, the Court simply cannot determine whether the agency considered "the relevant factors" or made "a clear error of judgment." *State Farm*, 463 U.S. at 43. Because the Service "omitted the critical step—connecting the facts to the conclusion," *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1405 (D.C. Cir. 1995), the Court is left to conclude that the Service "either failed to consider this evidence or simply discounted it without explanation," *Blackwood v. United States*, 187 F. Supp. 3d 837, 846 (W.D. Ky. 2016). Either option fails under the APA. By failing to provide any explanation—much less a reasoned one—for its determination, the Service acted arbitrarily and capriciously.

"When a district court reverses agency action and determines that the agency acted unlawfully, ordinarily the appropriate course is simply to identify a legal error and then remand to the agency, because the role of the district court in such situations is to act as an appellate tribunal." *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012). While the Court grants Bullock's motion for summary judgment on his APA claim, it takes no position on what decision the Service may reach upon remand. Instead, it directs the agency to reconsider its decision in light of the additional evidence Bullock presented. Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss and Partial Motion for Summary Judgment, Dkt. 108 is **GRANTED** as to Bullock's tort claims and **DENIED** as to Bullock's APA claim. It is further

**ORDERED** that Bullock's Motion for Summary Judgment, Dkt. 109, **is GRANTED IN PART** as to his APA claim. It is further

**ORDERED** that Bullock's APA claim be remanded to the agency so the Federal Protective Service can review the suitability determination in accordance with the requirements of the APA.

**SO ORDERED**.

DABNEY L. FRIEDRICH
United States District Judge

June 30, 2025